UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW KLINE, DUSTY SHOWERS, LENA HUNA, and CHARLES MABRA, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

BITCONNECT, BITCONNECT LTD, BITCONNECT INTERNATIONAL PLC, BITCONNECT TRADING LTD, GLENN ARCARO, RYAN MAASEN, JOSHUA JEPPESEN , AND JOHN DOES 1-20,

    Defendants.

Case No.: 8:18-cv-319-EAK-MAP

## ORDER

On February 7, 2018, Plaintiffs initiated this putative class action by filing a ten-count complaint against Defendants alleging violations of Florida common law, Florida and Rhode Island securities law, and federal securities law. *See generally* (Doc. 1). Upon review by the Court, this action is nearly identical to at least four other previously-filed putative class actions against many of the same Defendants, *see Wildes v. BitConnect Int'l PLC*, No. 9:18-cv-80086-DMM, Doc. 1 (S.D. Fla. Jan. 24, 2018); *Paige v. BitConnect Int'l PLC*, No. 3:18-cv-58-JHM-CHL, Doc. 1 (W.D. Ky. Jan. 29, 2018); *Long v. BitConnect Int'l PLC*, No. 6:18-cv-154-RBD-DCI, Doc. 1 (M.D. Fla. Jan. 30, 2018); *Mengesha v. BitConnect Int'l PLC*, No. 0:18-cv-279-WMW-SER, Doc. 1 (D. Minn. Jan. 31, 2018), and at least two other later-filed actions, *see Avalos v. BitConnect Int'l PLC*, No. 4:18-cv-1165-JSW, Doc. 1 (N.D. Cal. Feb. 22, 2018); *Argiro v. BitConnect Int'l PLC*, No. 0:18-cv-60392, Doc. 1 (S. D. Fla. Feb. 22, 2018).

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). "The principal concerns behind the first-filed rule are to conserve judicial resources and to avoid incompatible rulings." *Allstate Ins. Co. v. Clohessy,* 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998) (citation omitted).

Courts applying the first-filed rule agree "that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1325 (S.D. Fla. 2012) (quoting *Manuel,* 430 F.3d at 1135–36). "Thus, once the court determines that the two suits likely involve substantial overlap, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed." *Id.* (citing *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 606 (5th Cir. 1999) and *Mann Mfg. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir.1971)). "Rather, 'the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.'" *Id.* (quoting *Cadle,* 174 F.3d at 606).

However, transfer pursuant to the first-filed rule is not automatic. *Lexington Ins. Co. v. Proformance Plastering of Pensacola, Inc.*, No. 613CV904ORL22TBS, 2013 WL 12155502, at *2 (M.D. Fla. Oct. 9, 2013). The presumption can be overcome if any party objecting to jurisdiction of the forum of the first-filed suit "demonstrates the existence of compelling circumstances." *Id.* Accordingly, Plaintiffs are hereby **ORDERED** to show

Case No.: 8:18-cv-319-EAK-MAP

cause, in writing on or before **Monday, April 16, 2018**, why this case should be allowed to proceed in this forum.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 6th day of April, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record